No. 3501.—STATE ex rel. W. B. MERCHANT, District Attorney Third Judicial District, *v*. HENRY TRAIN, Judge Third Judicial District.

Under the act of 1868, amending the act of 1855, relative to a change of venue in criminal cases, the judge of the district court is required to grant such change on the application of the Attorney General, the district attorney or the district attorney *pro tem.*, on behalf of the State, without giving any other reasons therefor than those embraced in the application. The writ of mandamus will, therefore, issue from the Supreme Court on the application of the district attorney, directing the judge *a quo* to grant the change of venue, such order being issued by the Supreme Court in aid of its appellate jurisdiction.

APPLICATION for a Writ of Mandamus. *W. B. Merchant*, District Attorney Third Judicial District, relator. *Train*, Judge, respondent.

TALIAFERRO, J. This is an application to this court by the district attorney of the Third Judicial District, for a mandamus to compel the judge of that district to grant a change of venue from the parish of Iberia to the parish of St. Mary, on the ground, as alleged by the attorney, that a competent jury can not be had in the parish of Iberia for the trial of a criminal prosecution commenced there against one Alexander Blanc, and that it is necessary, in order to subserve the ends of justice, to procure a change of venue. The usual preliminary order was rendered and the judge answered, placing his refusal to allow the

change of venue on the ground mainly that there was no sufficient showing made of the necessity for such an order, and that the case is one in which, by law, he is vested with discretion to grant or refuse a change of venue upon the evidence and state of facts presented. He relies upon the act of 1855, sections 48, 49 and 50, and deduces from the sections 1021, 1022 and 1023 of Ray's Revised Statutes the same discretionary power in the judge that is conferred by sections 48, 49 and 50 of the act of 1855, conceding, however, that there is a material difference between section 1021 of the Revised Statutes and section 48 of the act of 1855 as to the time when the application is to be made, the former not containing, as the latter does, the provision that prior to entertaining an application for a change of venue the judge must be shown that no competent jury of the parish can be had after exhausting two successive panels.

The respondent reviews at some length in the reasons assigned for refusing the application, the general law on the subject of change of venue and cites various authorities under the common law as well as decisions of our own court. He refers to the decisions by this court that it is without authority to direct an officer how to do an act the law requires him to do, and that it will not issue the writ of mandamus ordering the doing of an act when there exists a discretion in the officer to do it or not.

On the part of the relator it is held that a material alteration of the law relating to a change of venue has been made by the statute enacted in 1868, under the constitution of 1868, and that the statute of 1855 is, to the extent of that alteration, repealed. The gist of the matter in issue, then, is as to whether there has been such alteration made in the provisions of the act of 1855 as contended for by the relator, and whether, under the law as it now exists, it is the duty of the judge to render an order changing the venue in a criminal prosecution whenever an application for that purpose is made by the district attorney, and that without the exercise of discretion on the part of the judge.

The forty-eighth section of the act of 1855 (acts of 1855, page 158,) provides: "That upon the application of the Attorney General or any district attorney of this State, the judge shall have full power to change the venue in behalf of the State in any case where it shall be made apparent to the court that no competent jury of the parish can be had after exhausting two successive panels."

The act of 1868, section one, provides: "That upon the application of the Attorney General or any district attorney or district attorney pro tempore of this State, the judge of any court exercising criminal jurisdiction in this State shall, of his own accord, have full power to change the venue in any criminal prosecution when, in his judgment,

a competent jury of the parish can not be had, and in either case the venue shall be changed to any parish in that or any adjoining district where, in the opinion of the judge, a competent jury is likely to be obtained."

Here, it is seen that by the act of 1855 no change of venue in behalf of the State was allowed, except on condition that it was made apparent to the judge that no competent jury of the parish could be had, and that, after having exhausted two successive panels in the effort to obtain a fair and impartial jury. This condition does not appear in the act of 1868. That act purports to amend and re-enact the forty-second section of the act of 1855. The amendment dispenses entirely with any showing to the court of the inability to procure a competent jury. The language used is mandatory to the judge that *he shall*, in any criminal prosecution, change the venue in behalf of the State upon the application of the Attorney General or any district attorney or district attorney *pro tempore*. When an application is made for a change of venue on the part of the State by any of the officers named, it seems that the judge is clearly left without discretion whether to grant it or not. He is clothed with the power *propria motu* to order a change of venue in behalf of the State when, in his opinion, a competent jury can not be had. In the exercise of this power, which is independent of any action on the part of the district attorney or other officer of the State, he may exercise a discretion. But it seems clear that he is without any when the application is made by the proper officer. This case comes within the category of cases in which it has been frequently announced this court may issue the writ of mandamus in aid of its appellate jurisdiction.

It is therefore, for the reasons stated, ordered that the mandamus in this case be made peremptory.